AARON D. TREADWAY, Respondent, *v.* JONAS WILDER, Appellant.

Weight of Evidence on Motion for New Trial and on Appeal. A *nisi prius* court ought not to grant a new trial, where there is conflicting evidence, except the weight of evidence clearly preponderates against the verdict; but when such court does grant a new trial, the appellate court will not interfere unless the weight of evidence clearly preponderates against the ruling of the court.

Deed of Trustee Under Congressional Town-Site Act not Conclusive. A deed given by a trustee under the congressional town-site act (5 U. S. Stats. 567) is not conclusive; if the grantee was not in occupancy or entitled to occupancy of the land the trustee could have no authority to execute such deed, and it may be collaterally attacked as void and of no effect.

Appeal from the District Court of the Second Judicial District, Ormsby County.

This action was before the court on a previous appeal at the July term, 1872; and will be found reported in 8 Nev. 91. The cause was upon that occasion remanded for a new trial, which took place in the court below in March, 1873, and resulted in a verdict for defendant. Plaintiff moved for a new trial mainly upon the ground of insufficiency of the

evidence to sustain the verdict and judgment; and such motion was granted. This appeal is from the order.

*T. W. W. Davies,* for Appellant.

I.   There was the amplest evidence to warrant the verdict of the jury; and the court, in setting aside the verdict, exercised no just or legal discretion. Though the testimony of plaintiff and defendant was in flat contradiction, there were many other facts presented to the jury sustaining the defendant.

II.   The act of Congress under which the deed of the trustee, S. H. Wright, to plaintiff purports to derive its efficacy, provides that the entry of town-sites shall be "in trust for the several use and benefit of the *occupants* thereof according to their respective interests." The law recognizes no other proprietors except actual occupants, and the land department will not protect the claims or interests of any other persons. 1 Lester's L. L. 436, 441, 737; 2 Lester's L. L., 312. The deed of Wright to Treadway not having been obtained in conformity with law, was void. 5 U. S. Stats. 567.

III.   In ejectment the plaintiff recovers by the strength of his own title. The plaintiff here had the closing of the cause; the court of its own motion instructed the jury; the whole matter was argued and presented at length; and we submit that the setting aside of the verdict was unauthorized and unwarranted.

*Ellis & King,* for Respondent.

I.   Appellant seems to claim that if the evidence adduced upon the trial below would sustain the verdict, this Court is concluded thereby and must reverse the order appealed from, as an abuse of discretion. Such is not the law. The

question before this Court is whether the evidence presented in the record is sufficient to sustain the order granting the new trial or not, and not whether there is such a conflict of testimony as would sustain an order refusing a new trial, if the discretion of the court had been so exercised. The order for a new trial comes to this Court as a new verdict, with all the sanctity and even more of a presumption in its favor than that which supports the verdict of a jury where there is a substantial conflict of testimony. See *Phillpots* v. *Blasdel*, 8 Nev. 61; 21 Cal. 414; 21 Iowa, 337.

II.    Defendant cannot attack the deed from Wright to Treadway in this collateral proceeding, but is remitted to his remedy directly against the deed, as there is no pretense that we ought to be held a trustee. Where is the difference in principle between the case at bar and the familiar cases where it has been held that a patent obtained from the United States by a party not entitled to it cannot be attacked in a collateral proceeding? In this case the deed from Wright to Treadway constitutes a patent from the United States to Treadway, and operates in the same manner and can only be assailed in a case where a patent could be attacked.


By the Court, HAWLEY, J.:


This is an action of ejectment to recover possession of "about four acres of land," a portion of which is situate without, and a portion within the city limits of Carson. Plaintiff, as to the land without the city limits, relies upon a patent from the U. S. government (for forty acres of land,) and for the other portion rests his claim under a deed executed by Judge S. H. Wright, acting as trustee under a statute of this State. Stats. 1866, 54. Defendant claims that he was in the actual possession of all the land in controversy at the time plaintiff made application for said patent

and for said deed, and bases his right to recover that portion outside the city limits upon an alleged verbal contract set out in his amended answer.   To the other portion defendant claims that plaintiff was not an actual occupant of the land, and was not entitled under the law of congress, or the statute of this State, to receive any deed from the trustee, and that said deed was therefore " void and of none effect."

The testimony submitted at the trial in relation to the verbal contract was conflicting.   The defendant swore positively to the agreement, and plaintiff, equally as positive, denied that any agreement was ever made.   The testimony as to the possession of the land within the city limits was equally as conflicting, each party testifying positively that he was the actual occupant thereof.   Testimony was introduced which tended to corroborate the statements made respectively by plaintiff and defendant.   The jury found a verdict for defendant.   The court, on motion of plaintiff, set the verdict aside on the ground of " insufficiency of the evidence," and granted a new trial.   From this order defendant appeals.

Did the court abuse its discretion in granting a new trial? It must be borne in mind that the *nisi prius* courts in reviewing the verdict of juries are not subject to the rules that govern appellate courts.   They may weigh the evidence, and if they think injustice has been done grant a new trial where appellate courts should not or could not interfere. The question under consideration has been so often presented that opinions have become stereotyped.   Nothing need be added to or taken from the rule, so well established, often declared and always followed.   "The court below ought not to grant a new trial when there is conflicting evidence, except the weight of evidence clearly preponderates against the verdict."   But when the court grants a new trial, "the appellate court will not interfere unless the weight of evidence clearly preponderates against the ruling of the court."

The establishment of this rule is one of the necessary results which flow from the well known superior advantages of the court below to determine the credibility of witnesses. The questions to be decided are purely questions of fact which are peculiarly within the province of a jury and the court below to determine; and as the weight of evidence materially depends upon the character and credibility of the witnesses, we cannot, after a careful examination and comparison of all the testimony, say that the court abused its discretion, and shall not therefore interfere with its ruling.

It is claimed by plaintiff that the deed obtained from Wright, trustee, is conclusive; that it cannot be attacked except in a direct proceeding to have it set aside. We do not think this position can be maintained upon reason or authority. If plaintiff was not an actual occupant or entitled to the occupancy of the land, he was not under the law of congress or of this State entitled to the deed, and the trustee had no authority to execute it. Upon this point we adopt the views expressed by Justice WHITMAN, in *Treadway* v. *Wilder*, 8 Nev. 98, 99.

To have the effect to annul the deed the testimony should be positive and decisive. If there is a substantial conflict of evidence, the deed should stand.

The order appealed from is affirmed.