·HALL, respondent, v. ASHBY, appellant.

TRUSTEE OF TOWN SITE — *authority — estoppel — dedication of alley.* The town site of Helena was surveyed, and the plat was accepted and filed by the proper officers January 7, 1869. H. claimed that certain land is a public alley, which is so described in the deed to him by the trustee of the town site, but is not so designated upon the plat. A. applied for and received a deed to the land from the trustee. The trustee and other officers derived their authority from the laws of the United States and Territory relating to the reservation and sale of town sites. *Held,* that the trustee has no judicial power, and cannot dedicate any part of the town site as an alley. *Held,* also, that the trustee is not estopped from executing a deed to the claimant of a lot, which has been described improperly as an alley by his predecessor in the office. *Held,* also, that parties who receive deeds from the trustee are required to ascertain his authority, and acquire no right to the use of a part of the town site which has been described illegally as an alley.

NEW TRIAL — *effect of public interests.* This is an action between private persons, which affects the right of the public to use certain land as an alley, and the court filed findings of the facts. *Held,* that this court will not order any judgment to be entered upon the findings, and, therefore, grants a new trial.

*Appeal from Third District, Lewis and Clarke County.*

THE judgment was rendered by WADE, J.

W. F. SANDERS, for appellant.

Can a probate judge create an alley, except in the manner provided by the statute? Cod. Sts. 548, § 4; *Parsel* v. *Barnes*, 25 Ark. 261; *Gulick* v. *Grover*, 33 N. J. L. (4 Vr.) 463; *Green* v. *Beeson*, 31 Ind. 7.

Duties to be performed for a municipality by law must be strictly followed. If exceeded, they are not binding on the principal, and are void. Dill. on Corp., §§ 372, 749.

The equities, which obtain as to private agents, do not exist as to the officers of municipal corporations. Greenl. on Ultra Vires, 6, 379, 385, 396, 58, 59; Dill. on Corp., §§ 149, 381, 749, 766; *Mayor* v. *Ray*, 19 Wall. 468; *Salem Bank* v. *Gloucester Bank*, 17 Mass. 1.

A deed from a probate judge falsely describing land as bounded on an alley, is not an estoppel as against a statute subjecting such

alley to private entry and ownership. This is not a case where liabilities of contract can arise. Rev. Sts., U. S., §§ 2337, 2387.

The deeds, bounding land in Helena by an alley, do not carry the title to the grantee to the center of the highway. The other rule is based on the presumption that the road came originally from the private owners on each side equally, and the public right was only an easement on the private right. Bacon's Abr., " Highways; " *Dunham* v. *Williams,* 37 N. Y. 251.

The powers vested in the probate judge are new rights, and the method of their vindication must be that prescribed by the statute. The district court does not have jurisdiction of this case. Dill. on Corp. 784; Cod. Sts. 549, § 12; *Chicago* v. *Evans,* 24 Ill. 52; *Wetmore* v. *Story,* 22 Barb. 429; *Lee* v. *Sandy Hill,* 40 N. Y. 443.

CHUMASERO & CHADWICK and TOOLE & TOOLE, for respondents.

The power of the probate judge to lay out an alley does not affect this case. Appellant admits his authority to convey the ground in dispute and took a second deed for it.

If there is no legal alley, appellant cannot claim it. The fee is in the respondents by the calls in their deeds. If respondents designated the ground as an alley their deeds conveyed the title, and the deed to appellant carried nothing. 1 Bouv. L. D. 586; 3 Wash. on Real Prop. 360; 3 Kent, 349; *Kittle* v. *Pfeiffer,* 22 Cal. 489; *Parker* v. *Smith,* 17 Mass. 415; *Parker* v. *Framingham,* 8 Metc. 267; *O'Linda* v. *Lothrop,* 21 Pick. 292; *Newhall* v. *Ireson,* 8 Cush. 595; *Barrows* v. *Mass. M. Society,* 12 Gray, 409.

BLAKE, J. This is an action to compel the appellant to remove a fence from an alley or *cul de sac* within the town site of Helena, Lewis and Clarke county, and enjoin him from obstructing the premises. The court tried the cause without a jury and filed findings of facts upon some of the issues and granted the respondents the relief prayed for.

Under the acts of congress relating to the reservation and sale of town sites on the public lands, certain officers are empowered to enter at the land office a tract which has been settled upon

and occupied as a town site, and is not subject to entry under the agricultural pre-emption laws. Helena has not been incorporated and has no corporate authorities and this duty devolved upon the probate judge of Lewis and Clarke county. The town site was surveyed and the plat was submitted to and accepted by the county commissioners January 7, 1869, and filed in the office of the county recorder. The plat shows the blocks, lots, streets and alleys of the town site. The ground in controversy is not designated upon the plat as a street or alley, and is situated between the lot of the appellant on Rodney street and the lots of the respondents on Broadway street.

The respondent Hall derives his title from a deed of the probate judge, made October 6, 1869. The title of the respondent Parchen, is based upon a deed made by the probate judge, October 9, 1869, to L. L. Hill, and the deed of Hill to him June 10, 1872. The appellant claims the title to his lot through a deed from the probate judge to T. L. Gorham, dated July 12, 1869, the deed of Gorham to H. T. Fort made September 21, 1869, and the deed made to him by Fort, November 18, 1871. In the conveyances to the respondents and their grantors, their lots are described and bounded " southerly by alley." In the conveyances to the appellant and his grantors, his lot is described and bounded " northerly by an alley." On December 1, 1871, the appellant filed his application with the probate judge for a deed to the land in dispute and received a deed for the same, March 13, 1874. The appellant entered and took possession of the premises May 1, 1872, and built the fence complained of. The muniments of the title of all the parties were received as evidence without objection.

The first question which must be investigated is the power of the probate judge to make the deeds which have been mentioned.

The statutes of the United States provide that the execution of the trust vested in the probate judge in the disposal of the lots and the proceeds of the sale thereof, shall be conducted according to the regulations prescribed by the legislative assembly of the Territory ; and that any act of the trustee which is not in conformity to these regulations shall be void. 14 U. S. Sts. 541, 542. The laws of the Territory require the survey and plat to " conform as

near as may be to the existing rights, interest and claims of the occupants" of the town-site; that the town-site "shall be surveyed into blocks, lots, streets and alleys," and that "the streets and alleys designated in such plat shall remain dedicated to public use forever." Cod. Sts. 547, §§ 3, 4. The probate judge must make good and sufficient deeds of the lots to the claimants. Cod. Sts. 549, § 9.

Does the probate judge have the authority to establish and lay out an alley or street after the plat has been accepted and filed according to law? Is this officer estopped from executing to the appellant a deed of the land claimed as an alley, after making the deeds to the appellant and respondents and their grantors, in which the lots are described and bounded on one side by the alley in controversy?

The probate judge acts as a trustee under the laws which have been cited, and has no authority except that which has been conferred upon him in express terms. This court has held that this officer must comply strictly with the requirements of the statute, and that nothing respecting his action will be presumed. *Ming* v. *Truett*, 1 Mon. 322; *Edwards* v. *Tracy, ante*, 49. He performs a ministerial act in awarding deeds to the claimants of lots and exercises no judicial functions. In *Denver* v. *Kent*, 1 Colorado, 336, the court decides that the trustee of the town-site cannot sell any portion of the trust property until the legislature enacts the regulations defining his conduct, and says: "These rules and regulations were imperative upon him. They were the charter of his power and could not be disregarded. What they authorized he could do, and beyond them he could take no step." The supreme court of Nevada maintains the doctrine announced in *Edwards* v. *Tracy, supra*, and holds that the deed obtained from the trustee of the town-site is not conclusive. *Treadway* v. *Wilder*, 9 Nev. 67; S. C., 8 id. 91. The supreme court of California decides under similar statutes that the trustees have no power to change the plan of the town in such a manner as to convert into a street, alley or public square, land which under the prior plan was a municipal subdivision, intended for private use, and actually occupied for that purpose. *Alemany* v. *Petaluma*, 38 Cal. 553.

We are satisfied by these authorities that the trustee of the town-site of Helena held all the public land within its exterior limits which had not been occupied, and to which there were no possessory rights, for the benefit of the inhabitants, as a community. The probate judge had no power to dedicate any portion of this tract as an alley for the use of any persons. "A primary condition of every valid dedication is that it shall be made by the owner of the fee." Angell on Highways, § 134; 1 Dillon's Mun. Corp., § 498; *Bangan* v. *Mann*, 59 Ill. 492. The United States has parted with its title, and the inhabitants collectively are the legal owners of the vacant unclaimed lots within the town-site of Helena. The probate judge of Lewis and Clarke county, who made the deeds relied upon by the respondents, did not own the fee. It is evident that the owners of the fee did not lay out the ground in controversy as an alley, or dedicate the same to public uses, and the action of their trustee in attempting to establish the alley by the description of the lots in the deeds is not compatible with the scope and nature of his trust. *Rex* v. *Leake*, 5 B. & Ad. 469.

The respondents did not acquire any right to the use of the premises as an alley by reason of the boundaries of the lots described in the conveyances. The acts of the trustee of the town-site in this matter are void. The persons who received the deeds took them with a knowledge of the law that the probate judge cannot create an alley by exceeding his authority. Those who deal with the agent of a municipal corporation are bound to ascertain the nature and extent of his authority in all cases where his power is conferred by statute. *Mayor* v. *Ray*, 19 Wall. 468; 1 Dillon's Mun. Corp., § 372, and cases there cited. The trustee of the Helena town-site holds a position analogous to that of such an agent.

The probate judge was not estopped from making the deed of the ground in dispute to the appellant by the recitals in the conveyances to other persons that this tract was an alley. Where the grantor is acting officially as a public agent or trustee, the estoppel does not apply. 1 Greenl. Ev., § 24; Herman on Estoppel, § 235. In *Mayor* v. *Ray*, *supra*, the court decides that the acts of the officers of a municipal corporation, which are performed

without legal authority, "cannot create an estoppel against the city itself, its tax payers or people."

The court erred in rendering the judgment for the respondents. This action is between private parties, but the final decision may affect public rights. We do not think that it would be proper for us at this time to direct what judgment should be entered in the court below. Therefore, it is ordered that the judgment be reversed with costs and that the cause be remanded for a new trial of the issues therein.

*Judgment reversed.*