[No. 768.]

# H. G. MARGAROLI, RESPONDENT, *v.* THOMAS MILLIGAN, APPELLANT.

CONFLICT OF EVIDENCE—NEW TRIAL.—The rule laid down in *Treadway* v. *Wilder* (9 Nev. 70), as to the weight of evidence on motion for new trial, affirmed.

COUNTER-CLAIM—HOW ESTABLISHED.—The defendant, alleging a counter-claim, must establish it to the satisfaction of the jury by a preponderance of evidence.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are sufficiently stated in the opinion.

*George W. Baker and John T. Baker*, for Appellant.

The court has one province, the jury another; and when the court grants a new trial without sufficient reason appearing therefor, the appellate court will reverse the order. (*Lawrence* v. *Burnham*, 4 Nev. 361; *Scott* v. *Haines*, 4 Nev. 426.)

*Thomas Wren*, for Respondent.

Refusing or granting a new trial will not be disturbed except where there is a gross abuse of discretion, nor where the decision of the court is upon bare questions of fact. (*Speck* v. *Hoyt*, 3 Cal. 413; *Smith* v. *Billett*, 15 Cal. 26; *Hanson* v. *Barnhisel*, 11 Cal. 340; *Kimball* v. *Gearhart*, 12 Cal. 27; *Scannell* v. *Strahle*, 9 Cal. 177; *Weddle* v. *Stark*, 10 Cal. 301; *Preston* v. *Keys*, 23 Cal. 193; *Wilcoxson* v. *Burton*, 27 Cal. 232; *Wilkinson* v. *Parrott*, 32 Cal. 102; *Phillpotts* v. *Blasdell*, 8 Nev. 61.)

By the Court, HAWLEY, C. J.:

This appeal is from an order of the court granting a new trial.

The action was brought by plaintiff to recover the sum of $731.75, alleged to be due and owing him for cutting wood and burning charcoal, at a stipulated price per bushel. The

defendant denies the contract as alleged by plaintiff, and sets up in his answer the contract which he admits existed between himself and the plaintiff; pleads a set-off upon a promissory note; avers that the suit was commenced before the contract was completed, and that by the terms of the contract he had the right to retain ten per cent. of the contract price until plaintiff fulfilled his contract; and further alleges that he has suffered damages by reason of the failure of plaintiff to comply with his contract. "Wherefore defendant asks judgment against the plaintiff in the sum of $186.44," etc.

The jury found a verdict in favor of plaintiff for the sum of $204.

The plaintiff thereupon moved for a new trial, which was granted by the court upon two grounds, which we are asked to review. First, that the verdict was contrary to the evidence. Second, that the court erred in giving defendant's third instruction, which reads as follows: "The burden of proving everything to entitle plaintiff to recover, is cast on the plaintiff. And if plaintiff and defendant differ in their testimony in regard to the number of bushels of coal at ten cents and thirteen and one-half cents, you must be satisfied by a preponderance of testimony in favor of plaintiff, before you can adopt his account over that of the defendant." The testimony was conflicting.

1. Under the rule laid down by this court in *Treadway* v. *Wilder*, (9 Nev. 70), we think that the order of the court granting a new trial must be sustained.

2. In order to sustain the counter-claim, the defendant was required to establish it to the satisfaction of the jury by a preponderance of evidence; and without this qualification the first clause in the instruction may have misled the jury to the prejudice of plaintiff.

The order granting a new trial is affirmed.