PARCHEN ET AL., respondents, *v.* ASHBY, appellant.

TOWN SITE ACT — *Power of probate judge — Grant comes from congress to the occupants — No power to deed any street or alley.*

If, at the time of the entry of town site by probate judge, certain lots therein were adjacent to what was used and recognized as an alley, this right and interest of the occupants of such lots in such alley was as much to be respected as their interest in the lots.

The grant came from congress, representing the general government, which alone had title, and could make any valid dedication or disposition of the land; and this grant should be so construed as to be effectual.

The probate judge was only trustee to convey from government to the occupants the right and interest held by them, and which became valid when recognized by the government. The probate judge could neither give, take away or change those rights of occupants. His deed for ground occupied as street or alley is wholly void. And any survey or plat made by the probate judge that did not coincide or correspond with the rights of occupants could not acquire any force or validity by approval of the county commissioners under legislative act. No protest to an unauthorized act was necessary to save the rights of occupants from forfeiture.

The provision of the territorial statute dedicating the streets and alleys, shown on probate judge's survey, to the public use forever, is of no consequence unless such survey and plat conform to the prior rights of occupants.

The powers of the probate judge are exhausted when he has conveyed to occupants their lots, according to their several rights and interests.

*Appeal from Third District, Lewis and Clarke County.*

SANDERS & CULLEN, for appellant.

I. The *locus in quo* in this case is a strip of land sixteen feet in width, fronting upon Rodney street, in the city of Helena, M. T., and extending back in a westerly direction, in the rear of lots Nos. 33, 34 and 35, in block No. 28, in said Helena, a distance of ninety feet. At its western end it abuts upon other property in said block 28, and no right or easement is claimed to extend beyond said point. In 1866, and long prior to the entry of the town site of Helena by the probate judge, one Scott had assumed to lay out this portion of the town site into lots, blocks, streets and alleys, and had surveyed an alley entirely through said block No. 28, but no part of the same was recognized or used as an alley except the easterly ninety feet thereof. The town site was entered in A. D. 1869, by the probate judge of Lewis and Clarke county, and thereupon a survey and plat was made in

accordance with the requirements of the town site act passed by the territorial legislature. The plat so made was duly presented to the board of county commissioners of said Lewis and Clarke county, by them approved, and no appeal was taken from such action. Upon the official plat so made and approved as aforesaid, these premises were not designated as an alley, *cul-de-sac*, street, or otherwise than as a fractional lot. See sixth finding of fact.

Thereupon the defendant, on the 6th day of December, A. D. 1871, made application in the office of the probate judge to be permitted to enter said lot or strip of land, and thereafter perfected his entry and received a deed for the same. See eighth finding of fact.

On or about the 1st of May, A. D. 1872, the said defendant proceeded to put a fence upon the premises in question, whereupon the plaintiffs brought this action to enjoin him from so doing, claiming that they had "been in the peaceable and quiet possession, use and enjoyment of the premises hereinafter further described, as an alley, easement and right of way."

Then, after describing the premises, it is alleged further in the complaint: "That said right of way is necessary to the use and enjoyment of said lots so owned and occupied by your orators, and was set apart, used and enjoyed by your orators, their grantors and predecessors in interest, by common consent of adjoining claimants and general usage prior to the survey of what is known as the Helena town site, and reserved for such purpose at all times by order of the probate judge of said county as trustee for the claimants, pre-emptors or owners in the entry of said town site, as provided by law."

II. The allegations of the complaint are of a mere private right, and an injury thereto by the act of the defendant. It is not alleged that the premises in question were platted, or in any way dedicated to the public use as an alley, in the town site of Helena, but that

plaintiffs had an easement and right of way over and across the same as such. The complaint is therefore insufficient to sustain the first, second, third, fourth and fifth findings of fact. "The rule is well settled that a plaintiff must recover, if at all, upon the cause of action set out in his complaint, and not upon some other which may be developed by the proofs." *Mondran* v. *Goux,* 51 Cal. 151.

III. The complaint, viewed either as an action to enjoin the obstruction of a private way, or of a public street or alley, does not state facts sufficient to constitute a cause of action. If it was a private way, the right rests either in prescription or grant, and, under our system of pleading, the ultimate fact to be proven should be alleged. *Green* v. *Palmer,* 15 Cal. 411. If, however, it was a public way or highway, then it should be so alleged in the complaint.

IV. Conceding, for the purposes of the argument, however, that the pleadings are sufficient, do the findings show that the *locus in quo* is an alley? Clearly not. The sixth finding of fact shows that no alley was made at the point in question when the town site was surveyed by the probate judge, and none was shown by the plat of such survey, made by direction of the probate judge, and approved by the board of county commissioners. This is the method, and the only one, pointed out by statute for the establishment of alleys. R. S. p. 665, sec. 1208; *Territory* v. *Deegan,* 3 Mont. 821; *Hall* v. *Ashby,* 2 Mont. 491.

The section of the statute under consideration has practically received a legislative construction by the amendment made to the same at the extraordinary session of the legislative assembly of A. D. 1879. See Laws of Extra. Sess. 1879, p. 15.

The exposition of statutes by subsequent legislative bodies has weight, and will be considered by the court in construing an act. Sedgwick on Stat. and Con. Law, p. 252.

V. After a town site has been entered, and title conveyed to the trustee in trust for the use and benefit of the occupants, according to their respective interests, the realty is then for the first time in a condition where a valid dedication of any portion of it can be made for streets and alleys. A dedication can only be made by the owner of the fee. Angell on Highways, sec. 154 *et passim.*

The government of the United States never undertook in any way or manner to dedicate any of the lands embraced within the town site of Helena to public use as streets or alleys, and before such a position can be maintained, some decisive action on the part of the general government to that end must be shown. Angell on Highways, sec. 50, and cases cited.

The platting of ground into lots, blocks, streets and alleys is an act of dedication of such streets and alleys to the public use. *Field* v. *Manchester*, 39 Mich. 279; *Shanklin* v. *Evansville*, 55 Ind. 240; *Livermore* v. *City of Maquoketa*, 35 Iowa, 358.

VI. The same finding of fact above mentioned shows that no appeal was ever taken, either from the action of the probate judge in failing to designate the *locus in quo* as an alley upon the plat of the town which was by him presented to the board of county commissioners for their acceptance and approval, or from his decision and action in conveying the property to the defendant. This is the remedy provided by statute, and to which plaintiffs are limited. If they have not availed themselves of it, they have no standing in court in this action. *Territory* v. *Deegan*, 3 Mont. 88.

It is argued that the law requiring that the survey and plat which the probate judge is authorized to make "shall conform as near as may be to the existing rights, interest and claims of the occupants" of such town site; and that the *locus in quo* being a portion of what had once been laid out as an alley under a former unofficial

and unauthorized survey, the probate judge should have designated the same as an alley upon his official town plat. If this were true, the remedy of plaintiffs would be by appeal, and, unless such appeal was taken, they ought not to be heard in this court. But the probate judge is clothed with some discretion in the premises. The language of the statute is, " shall conform as near as may be." This does not require an absolute conformance, but clearly leaves a discretion in the probate judge, with a revisory power over his action by the board of county commissioners, and an appeal to the courts of the country, as pointed out. Can it be gravely argued that he is not clothed with sufficient power to refuse to recognize as a street or highway a piece of ground sixteen feet wide, running into a block a distance of ninety feet, and which, from its location and surroundings, can never be useful as a way, either public or private, to more than two or three persons?

VIII. This case has been once before in this court (see *Hall* v. *Ashby*, 2 Mont. 489), and the decision then rendered has become the law of the case, and ought to have governed the court below in the trial of the case, and should control the decision upon this appeal. *Phelan* v. *San Francisco*, 20 Cal. 45; *Davison* v. *Dallas*, 15 Cal. 82; *Washington Bridge Co.* v. *Stewart*, 3 How. (U. S.) 425; *Martin* v. *Hunter's Lessee*, 1 Wheat. 304; *Stiver* v. *Stiver*, 3 Ohio, 19.

E. W. & J. K. TOOLE, for respondents.

The following facts, as disclosed by the record, will form the basis upon which this reply and the rights of respondents will be predicated:

First. Prior to the entry of the town site of Helena, and in the spring of 1866, an addition thereto was laid out, surveyed and platted, with streets and alleys, lots and blocks; said alleys being sixteen feet in width, and running through the center of each of said blocks in an

easterly and westerly direction. That what was then known as Scott's addition to said town site, being the addition above mentioned, was a part of the public domain, and the alley in controversy was one of the alleys so laid out, platted and surveyed as aforesaid, and a portion of the lots adjoining the same was occupied by the parties to this action, and others who respected the same. That soon after said alley was so laid out, platted and surveyed, a portion thereof was obstructed by a fence; that the ninety feet of said alley (and being the one in question) was used as an alley during the years 1866, 1867, 1868, 1869, 1870 and 1871, by the adjacent and original owners of lots, and by the appellant and respondents, their predecessors in interest, up to the date of the obstruction by the appellant, in 1871, on account of which this action arose. That the alley in controversy was respected, marked out and defined as laid out, surveyed and platted by the adjacent owners, including the parties to this action and their predecessors in interest, in locating their lots and fencing the same, at the time of the entry of the town site in 1869, and so continued to respect and recognize the same until the commission of the grievances complained of in the year 1871. That the respective parties hereto and their predecessors accepted and received deeds to their said lots which were described and bounded by said alley, made valuable improvements thereon, and had and held a right of property in said alley at the time of the entry of said town site. That said alley at that time was used as such by all the inhabitants of said town residing in the vicinity thereof. That after the entry of the town site by the probate judge, and while said alley was so laid out, occupied, used and recognized as such, and so held by said judge as trustee for the several use and benefit of the occupants of said town site, he caused a plat of said town site to be made, which did not disclose said alley, which was approved by the board of county commissioners under the laws of

this territory. No appeal was taken from the action of said board in ignoring· said alley or seeking so to do by approving said plat. That on the 6th day of December, A. D. 1871, appellant applied to said probate judge and received a deed for the ninety feet of said alley in controversy.

The complaint alleges that the property in controversy was an alley at the time of the town site entry, and shows a special property in the same by respondents and a special injury to them by its obstruction. The answer denies these facts and sets up an entry by, and deed to, appellant from the probate judge to him as a town lot. The replication, in fortification of these allegations, sets up some additional facts, among others an *estoppel in pais* as against the grievances complained of. These we believe constitute the principal issues and facts in this case.

I. Respondents contend that as the court finds that this was an alley at the time of the entry of the same as a part of the town site of Helena, and so used by the parties hereto and their predecessors in interest, and all the inhabitants of the town in the vicinity thereof; and being laid out, surveyed and platted as such; and the adjacent lot-owners occupying, fencing and improving their lots with reference to it as such,—that the entry of the town site by the probate judge vested the title to said alley in him in trust for the several use and benefit of · the occupants and inhabitants of the town. That after it was so vested in him, no act of the legislative assembly or board of county commissioners could divest him of this trust, or change or divert it to other· or different purposes than that for which it was held, *i. e.*, as an alley and not a town lot. That consequently his conveyance of the same to appellant as a town lot was a nullity. If we are correct in this, it is useless to proceed further to answer the various propositions urged by counsel for appellant.

We insist that the following references and authorities are decisive of this question and that the judgment should be affirmed. Section 2387, Revised Statutes of the United States, provides that the probate judge — *i. e.,* county judge — "shall enter the town site, in trust for the several use and benefit of the occupants thereof according to their respective interests." It will be seen at once that the trust herein referred to is vested and created in the probate judge *eo instante* upon the entry by him. Section 2391 reads, "Any act of the trustee not made in conformity to section 2387 (being the one just quoted) *shall be void.*" It would seem but folly, then, if respondents had a right to the use of this alley at the time this trust was created, or, in other words, at the time of the entry by the probate judge, to argue that they could be deprived of such right by such judge or the board of county commissioners, or that any act of the legislative assembly that would seek to accomplish this object would not be an absolute nullity. The superior power of legislation upon this subject is vested in congress; it has assumed to exercise it, and the legislature of this territory cannot limit or extend the rights of claimants under it, or dispose of the trust in any other way than that prescribed by it. To this effect will be found opinion in *Treadway* v. *Wilder*, 8 Nev. 91 *et seq.;* same title, 9 Nev. 67; *Lechler* v. *Chapin*, 12 Nev. 65.

Every presumption being in favor of the judgment, unless there is a finding to the contrary, the presumptions are that the town site in which the property in question is situated had already been laid out, surveyed and platted at the time of the entry of the probate judge. If it were necessary to uphold this judgment to assume that a proper plat had been made before the entry, the court would so presume to uphold the judgment, in the absence of a contrary finding. But such is in substance the finding of the court. It found that one was made that subserved the purposes,— a correct one. So that

even if the legislative assembly had the power to provide for a resurvey and platting of the town site, it did not do so except upon condition that there had been none before the entry. See sections 3 and 4, Town Site Laws of Seventh Session, 1871 and 1872 (which was in force at the time), pp. 547 and 548.

Section 1, same statute and page, shows that no such legislation as that contended for by counsel for appellant was contemplated or enacted, but on the contrary that the rights and interests of the respective occupants were respected in accordance with the act of congress hereinbefore cited.

What, then, were the rights of the occupants at the time of the entry of the town site? This is the date which fixes their *status* under the act of congress. What is meant by holding this property in trust "for the several use and benefit of the occupants thereof according to their respective interests?" Technically speaking, they were all trespassers upon the public domain. Yet when the statute speaks of their interests as occupants, it must refer to such rights as attach to a title by occupancy and possession; and, relatively speaking, the rights as between the occupants themselves, as such, under the findings, by the very titles they acquired the description in their deeds, by thus fencing and marking out and recognizing the alley in question, and the laying out, surveying and platting of the same before the entry as a town site, it became as much established an alley as the very nature of things would admit of. Certainly nothing more could be done. It was established and recognized by the predecessors in interest of the parties to this action, and conveyances made to them so recognizing it before the entry, which was, within itself, according to the authorities, a dedication as an alley. *Bissell* v. *New York City*, 23 N. Y. 64, and authorities.

Upon this last point see, also, Washburn on Ease-

ments, p. 198, sec. 22 *et seq.* and authorities there cited. That shows that rights and interests of the respective parties were, by the deeds, created in this alley, which were respectively to be preserved in trust by the entry of the probate judge. And thus we find it at the time of the entry. Any subsequent survey or plat that did not conform to this condition of things in so material a respect would certainly conflict with the "respective interests of the adjoining occupants" and all others having a right to use it, and would be void. The parties at this time had a right to maintain this alley, and certainly the entry did not take it away, but, on the contrary, preserved it, according to the express terms of the act under which the entry was made. Either could maintain his rights to preserve it at law; and we assume that such is the right referred to and recognized by this act of congress. See Washburn on Easements, p. 194, sec. 18, and authorities there cited in foot-notes.

The dedication was irrevocable. *Baker* v. *St. Paul,* 8 Minn. 494; *Hus Arbans* v. *United States,* 10 Peters, 662. But it is claimed that no acceptance of it was made by the board of county commissioners. We have shown that the law, *ex vi termini,* upon the entry by the probate judge, was an acceptance in the strongest possible sense in which that term can be used. Besides, by the terms of the act, it could not, after the entry, be changed so as to so seriously impair the rights of the occupants. The only question is, was it a dedication to the public, even before any entry or organization of the town? See Washburn on Easements, p. 195, sec. 19, and foot-notes.

While it is generally true that none but the owner of the fee can dedicate a street or alley to public use, yet a dedication by the occupants, as in the case at bar, was recognized, ratified and respected by the act of congress, which had a right to dispose of the public domain, the government being at the time the owner of the fee. It

is tantamount to a dedication by the owner of the fee. In fact, it is such, and neither the government or territorial legislature could revoke it.

But suppose we say that there was in fact no alley there; yet the fee was in the probate judge. There is nothing to show that the parties to this action, and their predecessors in interest, were not capable of holding and taking the property in question as a town lot. In fact, in the absence of such showing, we must presume that they were so capable to uphold the judgment. This being the case, the conveyance between their predecessors in interest, before the entry and conveyance by the pro- bate judge, afterwards describing it as an alley, did con- vey to each the fee to this property to the center of what was designated as an alley by the very description in their deeds. They so maintained and recognized it as such after the acquisition of such title, and are bound to stand by it under the authorities cited. If it was an alley at the time of the entry it remains such yet. If not by the description in the deeds of the parties, they acquired a title to it, and as between themselves have dedicated it and cannot gainsay it. See 18 Wis. 44; 11 Wend. 502.

The chapter in Washburn on Easements, entitled "Easements by Dedication," shows conclusively three things:

First. That before the entry of the town site an alley had been established in which the respective occupants of adjoining lots acquired an interest.

Second. That an action to prevent or remove an ob- struction in it could be maintained by such occupants as a private nuisance or one especially injurious to such occupant.

Third. That if it was a town lot by the description con- tained in the deed of the probate judge, it conveyed the fee to the center of the alley *designated* (though none

existed) to the grantees.  Washb. on Easements, p. 205, sec. 25, to p. —; *Weisbrod* v. *Chicago, etc. R. R. Co.* 18 Wis. 44; *Wyman* v. *Mayor, etc.* 11 Wend. 502.

It would seem clear that, after these conveyances, the parties and their predecessors were capable of making a dedication binding between themselves, and did so.

We will here say that we are unable to see why a private alley or right of way is not as much to be respected under the act of congress, when rights have attached to it by occupants of adjacent lots, as a public right of way or alley, and that the trust is alike created by the entry of the probate judge in either case.  And from the propositions we have presented, which we believe to be the controlling and meritorious ones in this case, and if correct, a complete answer to all the points made by counsel for appellants, we desire to call the especial attention of the court to the particular phraseology of sec. 3, p. 547, Laws of 1871–2, 7th session.  It will be seen that the right to make and file the plat and have the same approved by the board of county commissioners, being the one relied upon by appellant, and without which he has no standing in court, is dependent upon the fact that no plat of such town site has theretofore been made.  It does not require that it should have been filed or approved before the right to make, file, etc., the one relied upon existed.  It is enough to defeat the validity of such plat, and show a want of legal authority to make it or have it approved by the "board," to show that one before that had been made.  The court finds that the town site embracing the alley in question had been laid out, surveyed and platted, and the alley appeared upon it. This, then, and not the one relied upon by appellant, is the legal and authoritative plat.  If so, there never was a respectable pretense for a defense in this case.  The court finds that there was such former survey and plat, bases a judgment upon it, and the law, in the absence of any

finding or showing to the contrary, conclusively presumes that it was just such a plat as is referred to in the statute, in order to support the judgment.

We also call attention to the fact that the only power conferred upon the legislative assembly of the territory, which will be found in the latter part of section 2387, U. S. R. S., is to provide for the mode of executing, not enlarging or limiting, the trust created, and may prescribe regulations for the disposal of the lots (not alleys) in such town.

We submit that these conclusions, deducible from the provisions of the statute, are irresistible:

1st. That the trust created in the probate judge by the town site entry cannot be enlarged or curtailed.

2d. That by the express terms of the act, he is only authorized under any law to dispose of the lots in such town site.

3d. That the *status* of the trust between the trustee and *cestui que trust* is fixed at the time of, and by, the entry; and at this time, as found by the court, the property in question was not a town lot so as to authorize a deed to appellant.

4th. That as the court found that there had already been a survey and plat made of the town site embracing the property in controversy, there was no authority for the survey and plat under which appellant claims.

5th. If there was such authority therefor under the territorial laws, it should have conformed in this particular to the original survey and plat, and cannot depart therefrom in so material a respect as to create a lot out of this alley, and is therefore void.

6th. That the questions here involve propositions of jurisdiction or power, and that no appeal is necessary, and that none is provided for in cases like this.

In addition to the foregoing, we respectfully invite the attention of the court to the opinion of the chief justice delivered in the court below, and a part of the record,

which comprises an exhaustive exposition of all the questions involved in the case.

WADE, C. J. This controversy arose over a strip of land sixteen feet wide on Rodney street, in the town of Helena, and extending westerly ninety feet in the rear of lots owned by plaintiffs, which they claim is an alley, and prosecute this action to have the same so declared, and to perpetually enjoin the defendant from obstructing the same. The defendant denies that the ground is, or that it ought to be, declared an alley, and claims to own the same by virtue of a deed from the probate judge.

On the trial 'the court found the following facts and conclusions of law:

*First.* That Scott's addition to the town of Helena was laid out, surveyed and platted in the spring of the year 1866, with sixteen-feet alleys through the center of the blocks thereof, in an easterly and westerly direction, in which was comprised the ninety-feet alley in controversy, the title to the ground of which, and as to all the ground occupied by the town, and the streets and alleys thereof, being at the time, and until the entry of the town site in 1869, in the government of the United States.

*Second.* That the original occupants of the lots adjoining that portion of the alley involved in this action respected and recognized said alley, as did their grantees and successors in interest, up to and at the date of the entry of said town site by the probate judge of said county, and that the respective parties hereto accepted and received deeds to their lots adjacent thereto, bounded by said alley, and in locating, fencing and occupying their lots, respected, marked and bounded said alley. At the western boundary of the ground in controversy, and at the eastern boundary of the Watson lot, said alley, as surveyed and platted in 1866, was obstructed by a fence shortly after the alley was laid out and surveyed, and thereafter was not opened or used as an alley west-

ward from said ninety feet. There is no proof that this ninety feet was laid out as a *cul-de-sac.*

*Third.* That the ninety feet of said alley was used as an alley during the years 1866, 1867, 1868, 1869, 1870 and 1871, up to the date of the obstruction thereof by defendant. The principal use to which the alley was put was for taking in wood and hay, and for ingress and egress of the cows of the adjacent occupants. But the alley ever was a thoroughfare, so far as a street with an outlet at one end, and closed at the other, can become such.

*Fourth.* That said plaintiffs and their predecessors in interest have erected valuable improvements upon their lots adjacent to said ninety feet of alley, and had and held a right of property therein at the time of the entry of said town site by said probate judge, and the same was used as an alley by all the inhabitants of said town residing in the vicinity thereof.

*Fifth.* That the same was an alley at the time of the acquisition of the title of the defendant and his predecessors in interest, to the lots owned by him adjacent thereto, and was so designated in his deed to said property, and was acquiesced in and recognized as such by himself and grantors up to the time of his obstruction of the same.

*Sixth.* That the map of the town made by the direction of the probate judge as trustee, and presented to the county commissioners, and approved by them under the town site act, did not show that the *locus in quo* was an alley. No action of the county commissioners has been taken to lay out this ground as an alley, highway or *cul-de-sac.* No appeal or proceedings were ever taken from the survey or map made by direction of the probate judge and filed with the county clerk and recorder, and approved by the board of county commissioners. No appeal was ever taken from the decision and action of the probate judge conveying that property to defendant,

or from the survey and map, whereby the alley was ignored and the same put down as a lot for sale.

*Seventh.* That notice to occupants by said probate judge to prove up and enter their lots was duly given.

*Eighth.* That said defendant, on the 6th day of December, A. D. 1871, made application to enter the property designated in his answer, and on the —— day of ——, 1872, received a deed therefor from the probate judge.

And as conclusions of law the court found:

*First.* That at the time of the entry of said town site by the probate judge, the said plaintiffs and other adjacent lot-owners on said alley had a subsisting and valid right therein, and to the use thereof as such alley, and the probate judge entered the same in connection with said town site in trust, with the usual rights and interests in and to such alley.

*Second.* That being an alley at the time of such entry, and used as such, his conveyance thereof to defendant is void and inoperative.

*Third.* That not being authorized to convey the same, the failure to interpose an adverse claim against defendant's application to enter was and is of no consequence.

The act of congress concerning the reservation and sale of town sites on the public lands (U. S. R. S. sec. 2387) in substance provides that whenever any portion of the public lands have been or may be settled upon and occupied as a town site, it shall be lawful, in case such town be incorporated, for the corporate authorities thereof, and, if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land office the land so settled and occupied in trust for the several use and benefit of the occupants thereof according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, to be conducted under such regulations as may be prescribed by the legislature of the state or territory in which the same may be situated.

Section 2391 (U. S. R. S.) provides that any act of the trustees, not made in conformity to the regulations alluded to in section 2387, shall be void.

The statute of the territory in aid of this trust, and to carry the same into effect, in substance provides that the judge of the probate court shall, within three months from and after the entry of the town site, unless a survey and accurate plat thereof has been previously made, cause the same to be surveyed, and a plat thereof made, which survey and plat shall conform as near as may be to the existing rights, interests and claims of the occupants thereof, which survey and plat shall be submitted to and accepted by the board of county commissioners in the county where the town is situated; that the town site shall be surveyed into blocks, lots, streets and alleys; that the plat of such town shall be filed in the office of the county recorder, and thereafter the streets and alleys designated in such plat shall remain dedicated to the public use forever.   R. S. Mont. 5th div. secs. 1207–8.

1. It appears from the findings of the court that in the spring of 1866 the town of Helena was surveyed and platted, and that the ground in question was by the survey and plat designated as an alley, and was so used by the public for and during the years 1866, 1867, 1868, 1869, 1870 and 1871, up to the date of the obstruction of the same by the defendant; that the original occupants of the lots adjacent to said alley respected and recognized the same as an alley, as did their grantees and successors in interest, up to the date of the entry of the town site by the probate judge; that both the plaintiffs and the defendant accepted and received deeds to their lots adjacent thereto and bounded by said alley; and that in locating, fencing and occupying their lots, they respected, marked and bounded said alley.   Not only the parties hereto and their predecessors in interest, but the general public, recognized, used, accepted and respected said ground as an alley, and had for all the three years next

prior to, and did at the time of the entry of the town site by the probate judge.

These findings were authorized by the allegation of the complaint which avers that the plaintiffs had been in the peaceable and quiet possession, use and enjoyment of the ground in controversy as an alley, easement and right of way, and that the same was so used, set apart and enjoyed by the common consent of adjoining claimants and by general usage prior to the survey and entry of what is known as the Helena town site. Prior to that time all the streets and alleys of the town could only have been used as such by common consent and general usage. Prior to that time the title to all the land covered by or included within the town, as well the streets and alleys as the lots, was in the government, and the survey and plat of 1866, as to streets and alleys, derived all its vitality from general usage and common consent. Technically the occupation of the lots and the use of the streets and alleys was a trespass, and the purpose of the act of congress, providing for the reservation and sale of town sites on the public domain, was enacted to enable the occupants of lots so situated to become the owners of the land they so occupied. And so the act provided for the entry at the proper land office of the land so occupied, in trust for the several use and benefit of the occupants thereof according to their respective interests. Disposing of the lands covered by a town, to the occupants, according to their several rights and interests, could not be done except that the streets and alleys then in public use were reserved to the public. The trustee was to dispose of the lots under such regulations as the local legislature might prescribe, and any departure from such regulations rendered his acts void.

These regulations could not enlarge or diminish the rights or interests of the occupants of the lots. And so our legislature provided that the survey and plat of the town site should conform as near as might be to the

existing rights, interests and claims of the occupants thereof. The lots were to be surveyed, and the streets and alleys, as they existed prior to the entry, were to be respected and recognized. For in no other manner could the occupants obtain title to their lots according to their several rights and interests. The plat and survey of the probate judge must conform to the old survey, by which the occupants had held and occupied their lots prior to the entry of the town site; otherwise his plat and survey are so far void. The provision of the territorial statute, dedicating the streets and alleys as designated on the plat and survey of the probate judge to the public use forever, is of no consequence unless such survey and plat conform to the rights of the occupants prior to such survey. If, prior to the survey of the probate judge, there had been an earlier survey and plat designating lots, streets and alleys, and the occupants had, by general usage and common consent, accepted such survey and plat, and had bought and sold their lots accordingly, and the streets and alleys thereof had been used as such by the public with common consent, then such streets and alleys remained streets and alleys after the survey and entry of the probate judge, though not so designated on his plat and survey. The streets and alleys did not so belong to the territory that its legislature could dedicate them to the public use forever. Such dedication can only be made by the owner of the property dedicated. The legislature was only authorized to regulate the sale of the lots. The act of congress providing the means whereby the lots might be conveyed to the occupants according to their several rights and interests, in a town situate on the public domain, which before such enactment had been platted and surveyed into blocks, lots, streets and alleys, which were recognized and used as such by the public, and by which the occupants, in the conveyance of their possessory interests or titles, bounded and described their lots, was a dedication of the streets and alleys, as

they then existed, to the public use, and the act of the legislature, either enlarging or diminishing such dedication, thereby enlarging or diminishing the rights and interests of the occupants to their lots, was not authorized, and did not confer any rights. If it did, then private property might be taken for public use by a mere survey and plat of a probate judge.

The occupants of lots under the old survey acquired certain easements, rights and interests in and to the streets and alleys which had been opened and used as such, adjacent to the lots so occupied. The trust in the probate judge attached to these rights and easements the same as it did to the lots themselves. He became the trustee of the occupants for all their interests or rights in or pertaining to the lots. If, before the survey and entry by the probate judge, an occupant had acquired a right or interest in a public street or alley, it became as much the duty of the probate judge, in the execution of his trust, to protect such right or interest as to protect the occupant's interest in the lot itself. The act of congress authorizing a conveyance to the probate judge in trust for the use and benefit of the occupants of the lots, according to their respective rights and interests, is a grant, and carries with it everything necessary and requisite to make it operative. In order thus to convey to the occupants, their rights and easements in the streets and alleys must be protected. Therefore the grant of the lots by congress to the occupants, according to their respective interests, necessarily recognized the existence of the streets and alleys as then laid out and used, and such grant was a dedication of the same to the public use. The rights of occupants accrued before the entry of the town site by the probate judge, and the mere fact that his plat and survey failed to designate a street or alley as it existed before his entry and survey does not thereby destroy such street or alley, and change the ground occupied by the same into a lot that can be sold.

And so, for the same reason, if his plat and survey had designated ground theretofore occupied as a lot as an alley or a street, such designation would not in any manner affect the right of the occupant to his lot. All the powers of the probate judge as trustee are exhausted when he has conveyed to the occupants their lots according to their several rights and interests.

This case was once before this court on different pleadings and issues, and with no finding of facts, and it was then decided that an alley could not be formed or declared by a mere description in a deed from the trustee, and this for the reason that the trustee had no authority to alter or change the streets or alleys as they existed before the entry of the town site, and that, if he did, his act was void. 2 Mont. 489.

But that decision does not affect this case or the rights of the parties, wherein the issue was as to the existence of an alley before the entry of the town site, and where there are findings of fact that such an alley did exist and was used as such by the public prior to that time.

The judgment is affirmed, with costs.

*Judgment affirmed.*