### W. W. WILKINS *vs.* JAMES C. JENKINS.

Plymouth.    October 16. — 18, 1883.    FIELD & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 157, § 93, providing that a discharge shall not be granted, or valid, if the insolvent debtor, "being a merchant or tradesman, has not kept proper books of account," it is a question of fact in each case whether the debtor has kept such books as will enable a competent person examining them to ascertain the true state of his affairs; and it cannot be ruled, as matter of law, that the failure to keep a cash-book invalidates a discharge.

APPEAL, by the assignee in insolvency of James C. Jenkins, from a decree of the Court of Insolvency, granting a discharge to the debtor. Trial in the Superior Court, without a jury, before *Bacon,* J., who reported the case for the determination of this court, in substance as follows :

The sole cause alleged why the discharge should not be granted was, that the debtor, "being a merchant or tradesman, has not kept proper books of account," within the Pub. Sts. *c.* 157, § 93.

It appeared in evidence that the debtor was a manufacturer of shoes; that he kept in said business a journal or day-book, in which he set down every item of purchase or sale, and also of payment when made or received, but did not keep any separate and distinct cash-book, or cash account; and that he also kept in said business a bank-book and a check-book. The judge found, as a fact, that said books, so kept by him, fairly represented and stated the condition of the debtor in his business, although they did not give the items of his family, personal, and other expenses, and although he kept no separate and distinct cash-book, under that name.

The assignee contended that, as matter of law, the debtor did not keep " proper books of account," within the meaning of the statute. But the judge ruled otherwise, and granted a discharge to the debtor.

*H. Kingman,* for the assignee.

*J. White,* for the debtor.

BY THE COURT. Under the provision of the Pub. Sts. *c.* 157, § 93, that a discharge shall not be granted, or valid, if the insolvent debtor, " being a merchant or tradesman, has not kept proper

books of account," it is a question of fact in each case whether the debtor has kept such books as will enable a competent person examining them to ascertain the true state of his affairs. It cannot be held, as matter of law, that, in every case, the failure to keep a separate cash-book or cash account invalidates a discharge. In the case before us, the Superior Court found, as matter of fact, that the insolvent debtor kept proper and sufficient books, and we cannot revise this finding, no error in any ruling in matter of law being shown.

*Judgment granting discharge affirmed.*