*In re* HOWARD & LEAVITT, *Insolvent Debtors.*

[In Chancery.]

*Bankruptcy. Insolvent Debtor, Discharge of. Question of*
*Fact. Practice.*

1. On application of the debtors for a discharge under the insolvent law, and the
   question being whether they had "kept proper books of account" or not, the
   case was referred to a master, who failed to find as a substantive fact that such
   books were not kept; *Held*, that the court will not infer the essential fact
   from the facts reported, and that a discharge should be granted,—distinguish-
   ing this case from *Durant* v. *Pratt*, 55 Vt. 270.

2. The court will not send back a case to be re-committed to the master, only when
   it thinks that otherwise great injustice will be done.

Appeal from the Court of Insolvency to the Court of Chan-
cery by Hirshkind & Co., a creditor, on the question of the
discharge of the insolvent debtors, Howard & Leavitt. Heard
on a master's report, February Term, 1887, Royce, Chancel-
lor. Ordered that the appeal be dismissed and a discharge
granted to the insolvent debtors, and that the case be certified
back to the Court of Insolvency.

Hirshkind & Co. objected to the granting of the discharge for
the reason that the insolvent debtors, being merchants and doing
business as co-partners, did not, in the course of their co-part-
nership business, keep proper books of account. The master
reported no part of the evidence, but certain facts; as that
Howard & Leavitt entered into a co-partnership to deal in
general merchandise; that after about one year they were
burned out and ceased doing business; that they were regu-
larly adjudged insolvent debtors; that they professed to do a
cash business, but gave a short credit where persons were per-
fectly good; that they kept no books, except "each day's sales
were kept on slips of paper, and at night the cash received
during the day was added up and entered upon a book called

In re Howard & Leavitt.

the ' Sales and Cash Book,' and those slips upon which entries of goods sold upon credit were made, were put on file," etc.

*John L Carr* and *C. A. Prouty*, for the creditor.

It was the duty of the debtors to keep proper books of account. *Hammond* v. *Cooledge*, 3 B. R. 71 ; *In re Solomon*, 2 B. R. 94 ; *In re Littlefield*, 3 B. R. 13 ; 3 B. R. 94. Their books should show, in an intelligible manner, the nature and character of their receipts and disbursements. *In re Murdock*, 4 B. R. 17 ; *In re McKay*, 4 B. R. 66. A merchant's books must show a true account of his standing at the date of his insolvency. *In re Garrison*, 7 B. R. 287 ; *In re Archenbrown*, 12 B. R. 17. The statute lays down an arbitrary command that no discharge shall be granted unless such books have been kept. Cases, *supra*.

*N. Rand* and *Edwards & Burke*, for the debtors.

If the books of the debtors will show their financial standing they are entitled to a discharge. Bump Bankruptcy, 711 ; *In re Keach*, 3 B. R. 13 ; *In re Gray*, 2 B. R. 358. If books be kept by a firm, the law presumes they are kept in regular form. *In re Mark Banks*, 1 N. Y. Leg. Obs. 274; Bump (9th ed.) 713. It is a question of fact whether the books are such as will give to a competent person examining them a knowledge of the true state of the bankrupt's affairs. The report does not show that improper books were kept. *In re George Proctor*, Lowell, 409 ; *In re Shampert*, 8 B. R. 415 ; *In re Reed*, 12 B. R. 390. A discharge will not be refused for not keeping proper books, without full evidence of the facts, and their bearing upon the business. *In re Batchelder*, 3 B. R. 150.

The opinion of the court was delivered by

ROWELL, J. Whether the insolvent debtors " kept proper books of account " or not, is conceded to be a question of fact, as it must be from its very nature ; for, being paraphrased, the

In re Howard & Leavitt.

question is, as said by the Supreme Court of Massachusetts, whether the debtors kept such books of account as would enable a competent person to ascertain with reasonable certainty the true state of their affairs.    *Wilkins* v. *Jenkins*, 136 Mass. 38.

It is also conceded that the master has not found, as a substantive fact, that such books were not kept, nor is it claimed that it devolved upon the debtors to show that they were ; but it is claimed that from the facts reported this court can, and ought to, infer and find that such books were not kept, and *Durant* v. *Pratt*, 55 Vt. 270, is relied upon in support of the claim. But the cases are different. There the master reported evidence tending to show a payment, and left it to the court to say whether it showed it or not ; and the court said it would consider the evidence the same as though taken under the former practice, and found payment. But here the master reports, not evidence but facts, and submits those facts to the court, as if to have their legal quality determined. But the essential fact is lacking to disentitle the debtors to their discharge, and the court will not find it, nor is it a necessary inference from what is found.

This court does sometimes, in its discretion and *sua sponte*, send back cases to be recommitted to the master or the referee for more definite or further findings. But this is rarely done, and only when the court conceives that otherwise great injustice would be done.

We do not regard this case as one calling for the exercise of that discretion.

Decree affirmed and cause remanded.