# McConomy, Appellant, *v.* Reed et al.

*Master's finding of fact—Conclusiveness of.*

The rule that a master's finding of fact is entitled to the same consideration as the verdict of a jury and will not be set aside unless clearly and palpably against the weight of the evidence, does not apply where the finding is a deduction from undisputed facts, or from uncontradicted and credible evidence.

*Partnership—Dissolution—Acquiescence—Bill for account.*

A partner who had overdrawn his account with his firm was requested to make it good but did not do so. A year later he was requested to withdraw. From that date until his death he had no business transactions with the partnership and made no claim upon it. Shortly after the death of his brother, who was a member of the firm, he solicited a loan from a surviving member, but made no demand or claim upon the firm effects. *Held*, that there was a dissolution of the firm by acquiescence in the demand, and a bill for an account by legal representatives would be refused.

*Book entries—Evidence to explain.*

Where the entries in the firm books showed credits of dividends after the date of the demand for withdrawal, they may be explained by the testimony of bookkeepers that they were made as a matter of bookkeeping so as to gradually cancel the indebtedness.

Argued May 25, 1892. Appeal, No. 299, Jan. T., 1892, by plaintiff, Lucy A. McConomy, administratrix of Ambrose McConomy, deceased, from decree of C. P. Lancaster Co., Eq. Doc. No. 2, p. 302, dismissing bill for account filed against de-

fendants, George K. Reed, B. J. McGrann and R. H. Brubakers. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill for partnership account.

It appeared in evidence before the master, W. A. Atlee, that the books of the firm, after Aug. 5, 1880, the date of the alleged dissolution of the partnership, showed an account with Ambrose McConomy debiting him with money due the firm and crediting him with dividends equally with the other members of the firm down to and including Jan. 1, 1885. These entries were explained by the testimony of two clerks of the firm, Hoffer and Lichty, who stated that they were made by them from year to year so as to gradually cancel the debtor balance of Ambrose McConomy to the firm instead of charging it all off at once in the first year, which would have cut down the profits of the firm for that year to nothing.

Further facts appear by the opinion of the Supreme Court.

The master disregarded the testimony of the clerks explaining these entries, as well as their testimony that the firm was dissolved Aug. 5, 1880, on the ground that no knowledge of any acts or declarations of Ambrose McConomy acquiescing in the dissolution was shown ; and found as a fact that there had been no dissolution Aug. 5, 1880, as alleged by defendants, and reported that plaintiff was entitled to an account.

Upon exceptions, the court, in an opinion by PATTERSON, J., reversed this finding of fact and entered a decree dismissing plaintiff's bill.

*Errors assigned* were sustaining exceptions and entering decree, quoting them.

*J. Hay Brown* and *H. M. North*, for appellant.—A master's finding of fact has the weight of a verdict and will not be set aside except for plain error : Hottenstein's Ap., 2 Gr. 301 ; Beddell's Ap., 87 Pa. 510.

The burden of showing that the partnership was dissolved was on appellees : Wh. Ev. § 1284, and notes. Mere request is insufficient to effect dissolution : Hall v. Hall, 12 Beav. 414 ; appellees did nothing to show dissolution : Parsons, Part., pp. 385, 388, 394.

*J. L. Steinmetz* and *John A. Malone*, with them *S. H. Rey-nolds*, for appellees.—There was no conflict of testimony before the master; it was simply a question of inference from clearly proved facts, therefore the rule as to the weight to be given to his finding of facts does not apply: Sproull's Ap., 71 Pa. 137; Phillip's Ap., 68 Pa. 130.

A dissolution of a partnership at will may be made out not only by a positive or express renunciation, but also by implication from act and conduct.

OPINION BY MR. JUSTICE McCOLLUM, November 11, 1892:

It is admitted that Ambrose McConomy was at one time a member of the banking firm of Reed, McGrann & Co., but it is contended by the respondents, who are the appellees here, that his connection with the partnership was terminated by his withdrawal from it on the fifth of August, 1880. The master found against this contention, but exceptions to his report were sustained in the court below, and a decree was entered dismissing the bill. The single question presented is, whether Ambrose McConomy withdrew from the firm on the day and year aforesaid. It is a question of fact, and the complainant, who is the appellant here, contends that, in view of the credit which should be allowed to a master's finding of facts, the learned court below erred in sustaining the exceptions to the report. It may be stated as a general principle, that where the evidence is conflicting and the credibility of witnesses is involved, a master's finding upon a question of fact is entitled to the same consideration as the verdict of a jury, and will not be set aside unless it is clearly and palpably against the weight of the testimony. If, however, his finding is a deduction from undisputed facts, or from uncontradicted and credible evidence, the controlling reason for the application of this principle is not present, because in such case he has no greater facilities for reaching a correct conclusion than the court has in passing upon the exceptions to his report. If this action had been instituted and prosecuted to judgment in the lifetime of Ambrose McConomy, it is probable that the question in dispute would have been determined on the testimony of the parties to it. But, by death and the policy of the law, the mouths of the persons most conversant with

the matter under investigation were closed, and the opposite findings by the master and court were mainly deductions or inferences from uncontroverted facts. The finding, therefore, which best accords with these facts, and is, in our opinion, the natural and just conclusion from them, will be sustained.

It appears to be undisputed that on the 23d day of August, 1879, Ambrose McConomy had overdrawn his account with the partnership to the amount of $6,738.40, and the master has found that he was then indebted to it in that sum. It also appears that on that day he was requested to make his account good, but that he neglected to do so, or to make any effort to adjust it. On the 5th of August, 1880, his copartners, after consultation respecting reported transactions of his which were injurious to the credit of the firm, addressed a letter to him in which their grievances were frankly stated, and they said "for the reputation of the firm and for our individual protection we must request you to withdraw from the partnership. We do not make this request in any unkind spirit, but for the best interest of all." It is evident that they were in earnest, and convinced that his continuance in the firm would result disastrously to it and them. His subsequent conduct indicated compliance with their request, and was inconsistent with a refusal to grant it. From the day the request was made upon him until his death, in December, 1886, he had no business transactions with the partnership, and failed to indicate to any member of it, by word or act, that he had any interest in or claim upon it. His physical condition during that period does not satisfactorily account for conduct so irreconcilable with the claim which his legal representative now makes. In 1883 and 1884, we find him soliciting loans of money from McGrann, but whether for purposes of maintenance or speculation does not appear. He was evidently able, at that time, to make known his claims on the partnership, if he had any, and his financial condition then was obviously such as would impel him to do so, if he had, or supposed he had, an interest in it. His brother Peter McConomy, who was a member of the firm, died on the 6th of March, 1884, and the surviving partners settled with his estate on the basis of its claim that he was entitled to an equal one fourth interest with them in the partnership effects. If Ambrose McConomy had been a member of the partnership,

his brother's estate would have been entitled to one fifth of its assets, in lieu of one fourth which it received. He knew that the partnership was dissolved by his brother's death, and he probably knew on what terms the surviving partners settled with his brother's estate. If he then supposed that he was a member of the firm and entitled to one fifth of its assets, it is strange that he should write to McGrann on the 22d of April, 1884, soliciting a loan of $4,500, and make no suggestion of any interest in or claim upon the firm effects. It is quite clear from this action and his subsequent conduct that he did not regard himself as a member of the firm, or as having any valid demand against it. The only conclusion fairly deducible from his whole conduct is, that he acquiesced in the demand made for his withdrawal on the 5th of August, 1880, and that his connection with the firm was severed on that day. Nor can we find in the entries on the firm books, explained as they are by the testimony of Hoffer and Lichty, any serious obstacle in the way of this conclusion. The testimony of these witnesses was not only explanatory of these entries, but it was directly to the effect that Ambrose McConomy was not a member of the firm after August 5, 1880. We agree with the learned judge, that the reasons given by the master for refusing to allow any weight to this testimony were unsatisfactory.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the cost of the appellant.