## Rosenthal's Estate

*John J. Mitchell, Jr.,* for accountants.

*Harold C. Cohen* and *Marshall A. Coyne,* for exceptants.

*Leslie M. Swope,* contra.

LADNER, J., January 13, 1939.—The industry of the master and the painstaking care with which he has reviewed the evidence and prepared his report and supplemental report on the exceptions now before us, has spared us the necessity of an elaborate discussion of the questions argued.

In Rankin v. Rankin, 224 Pa. 514, 516, it was held that findings of fact by a master or an auditor will not be revised where the evidence is such as to require its submission to a jury. Such finding is entitled to the weight of a verdict of a jury and clear error must be pointed out before the court will disturb it. The reason for the conclusiveness of such finding is that the master or auditor sees

and hears the witnesses and has an opportunity to observe their manner and appearance on the witness stand. He is therefore better able to judge the weight to be given the testimony and the credibility of the witnesses who testify in the cause than the court which must rely solely upon the printed evidence. The same rule prevails in this court: Clendaniel's Estate, 12 Phila. 53 (Penrose, J.); but, of course, does not apply where the findings are from undisputed facts or uncontradicted evidence or result from deduction and reasoning instead of from weighing conflicting testimony: McConomy v. Reed et al., 152 Pa. 42.

An examination of the record in light of the argument and briefs discloses adequate evidence to support the fact findings made by the master. We might perhaps have found that a confidential relationship did exist here between petitioner and decedent but that is immaterial in view of the master's finding (with which we agree), that the evidence here adduced on behalf of petitioner was sufficient both as to the character and weight to overcome the burden which the establishment of such relationship would shift to petitioner: Barnard et al. v. Kell et ux., 271 Pa. 80, 86.

We also agree that the legal questions raised before the master were correctly disposed of by him and nothing can be added with profit to his excellent discussion thereof.

We do not wish our action in dismissing the exceptions, however, to be interpreted as an approval of petitioner's course in continuing to remain as one of the executors of the estate against which he found it necessary to litigate. In Harris' Estate, 19 Phila. 322, 323, it was pointed out that manifest propriety in such cases requires an administrator either to abandon his own private claim against the interests of his trust, or settle up his account and resign his trust, citing Kellberg's Estate, 86 Pa. 129, 133; and in Welch's Appeal, 1 Penny. 9, the Supreme Court upheld the lower court's action in denying commissions to an executor who continued to serve after a conflict of in-

terests developed. More recently, Grollman's Estate (No. 1), 273 Pa. 559, 565, illustrates the evil consequences that may follow when conflicts of interests develop, while in Friese's Estate, 317 Pa. 87, an interest hostile to an estate was included among the disqualifications precluding the appointment of such fiduciaries.

In the present case petitioner is not the *sole* executor but one of three, so that the estate could not be regarded as entirely without protection; but even under such circumstances it might have been better had petitioner resigned as executor before commencing these proceedings against the estate.

All exceptions not modified or sustained by the master are dismissed for the reasons stated by him and his recommendation and report is hereby approved, and a decree in conformity therewith is now entered.