## KELLENBERGER et al. v. MARKET STREET CABLE RAILWAY COMPANY.

### No. 15,020; May 3, 1893.

#### 33 Pac. 90.

**Appeal—Discretion of Trial Court.—Where the Evidence is Dubious** and conflicting, the court on appeal will not, although it may differ in opinion with the lower court, revise the action of the court below in granting or refusing a new trial, unless an abuse of discretion is shown.

APPEAL from Superior Court, City and County of San Francisco; John F. Finn, Judge.

Action by Ida Kellenberger and husband against the Market Street Cable Railway Company to recover damages for personal injuries. From an order granting a new trial, defendant appeals. Affirmed.

E. L. Craig, Frank Shay and R. B. Carpenter for appellant; W. H. H. Hart, A. R. Cotton and J. C. McKee for respondents.

SEARLS, C.—This is an appeal from an order granting a new trial. The action was brought to recover damages for injuries alleged to have been received by Ida Kellenberger, wife of her coplaintiff, on the eighth day of April, 1890, while a passenger on the cable car of the defendant. Plaintiff was on a Hayes street car, the gripman of which, as he approached the crossing of the Sutter street cable road on Larkin street, should, it appears, have "let go," or released the cable, but was diverted from doing so by the perilous situation of a pedestrian on the track, and as a result did not let go until he went over the pulley, and then could not do so, and the grip struck the bumper in the Sutter street track, producing a concussion by which, as is alleged, plaintiff was thrown from her seat and against one of the seats on the opposite side of the car, and thereby injured.

Two issues only of importance are made by the pleadings: (1) Was defendant guilty of negligence? (2) Was plaintiff injured thereby? Manifestly, both of these issues needed to be answered in the affirmative, to entitle plaintiff to recover. For if defendant was not negligent, or if, being negligent, plaintiff was not injured thereby, there is no cause of action. The court below must have concluded that there was evidence sufficient to establish the affirmative of both the propositions. Looking at the case as presented here upon the cold record, and it must be said: (1) That plaintiffs made a case entitling them to a verdict. (2) The case made by the defense on its face was sufficient to fully justify the jury in the belief that the injuries of plaintiff were simulated, and to uphold the verdict in favor of defendant. The opportunity of the court below to determine as to the credibility of witnesses, the bias and prejudice, if any, exhibited by them, and generally to divine the truth in the conflicting evidence presented, gave him a decided advantage over us when seeking the same object. It has long been held that, where the evidence is dubious and conflicting, the supreme court will not, although it may differ in opinion from the lower court, revise the discretion of the court below in granting or refusing a new trial, unless there is abuse of such discretion: Taylor v. McKinley, 4 Cal. 104; Walton v. Maguire, 17 Cal. 92; Low v. McCallan, 64 Cal. 2, 27 Pac. 787; Savage v. Sweeney, 63 Cal. 340. A large number of cases might be

cited to like effect, but these will suffice. The evidence presented a substantial conflict, and we are not prepared to say there was an abuse of discretion by the court below in granting a new trial. The order appealed from should be affirmed.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.