## REID v. YOUNG et al.

(Supreme Court, Appellate Division, Fourth Department.     June 17, 1896.)

NEW TRIAL—MATTER OF RIGHT.

Though it is doubtful whether an order setting aside a verdict and granting a new trial in an action of ejectment, on the ground that the verdict was against the weight of the evidence, was proper, the order will not be disturbed, as defendant could have demanded a new trial as a matter of right, under Code Civ. Proc. § 1525.

Appeal from superior court of Buffalo, trial term.

Ejectment by John Reid against John J. Young and others. From an order granting a motion for a new trial, made on the minutes of the court, plaintiff appeals.     Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

George W. Cothran, for appellant.

Adelbert Moot, for respondents.

ADAMS, J.     The order appealed from does not state specifically the grounds upon which it was granted, but the respondents' counsel has printed in connection with his brief a statement which, while in the form of a letter addressed to the counsel for both parties, and written by the learned judge who presided at the trial, is, to all intents and purposes, an opinion, and furnishes the reasons which the writer deemed sufficient to authorize him to set aside the verdict of the jury and direct a new trial.     These reasons are two in number, viz.: (1) That the verdict was contrary to the weight of evidence; and (2) that error was committed in the refusal of the court to charge, in accordance with the request of the defendants' counsel, that if the jury "believed Mrs. Sullivan's statement of the fact that when she testified that she got a ticket for this deed, and got the deed back after it was recorded, and it being undisputed that the deed is now in our possession, the presumption arises it came lawfully into our possession with her assent, and bears upon the question who was the grantee in the deed."     In reviewing the decision of the trial court, we do not deem it necessary to enter upon a critical analysis of the evidence, in order to determine just what weight should be given to any particular portion thereof.     It is sufficient to say that the issue tried was one of title to real estate, and the sole question of fact submitted to the jury was whether the John Reid named in deed executed by one Annie Sullivan, dated July 24, 1894, was the plaintiff, who was her son, and at that date but 11 years of age, or a workman in her husband's employ, to whom it is claimed the premises were deeded to avoid creditors.     If the former, the plaintiff was entitled to succeed in the action; but, if the latter, then the defendants' title was established.     Upon this issue there was a conflict of evidence; the grantor testifying that the plaintiff is the person to whom she intended to convey, and that there was no such person in existence, at the time of the conveyance, as "John Reid, workman."     That she was in error, so far as the latter state-

ment is concerned, was quite clearly established; and the undisputed facts of the case, together with its probabilities, as well as the evidence of several witnesses who testified as to her oft-repeated declarations, tend very strongly to show that the claim that it was the son to whom she conveyed the premises in question was but an afterthought, to which the jury ought not to have given the credence which they appear to have attached thereto.    Munoz v. Wilson, 111 N. Y. 295, 300, 18 N. E. 855.    It was doubtless within the power of the trial court to examine the entire evidence, and, if satisfied that it did not fairly justify the conclusion reached by the jury, to set aside their verdict and grant a new trial.    Macy v. Wheeler, 30 N. Y. 231; Ferguson v. Gill, 74 Hun, 568, 26 N. Y. Supp. 596.    And while the duty of correcting the mistakes of juries is one which ought to be exercised with great care and wise judgment, it is nevertheless one in the performance of which trial courts should not be discouraged, where the due administration of justice seems to require it.

We have already intimated that the conclusion reached by the learned judge before whom this case was tried commends itself to our approval as wise and proper, under the circumstances of this case.    But, if there remained some doubt as to its correctness, we should still feel disinclined to reverse his order, for the reason that he has practically afforded the defendants the relief to which they were entitled as matter of right.    The action is ejectment; and had the defendants simply demanded a new trial, without assigning any other ground therefor than the nature of the action, the court would have been compelled to grant the application, upon the payment of all costs and damages.    Code Civ. Proc. § 1525.    It seems there were no damages awarded by the jury in this case, and the order appealed from was granted upon condition that the defendants should pay the costs and disbursements of the trial.    These terms are not, of course, in strict compliance with the requirements of the statute, but they are referred to for the purpose of showing that the plaintiff will in no event be seriously prejudiced by the action of the trial court.

The order appealed from should be affirmed, with costs.    All concur.