## Rankin v. Rankin, Appellant.

*Equity—Master's findings of fact—Reversal of master—Duty of court to file opinion—Practice, C. P.*

1. When a trial court reverses a master or an auditor it is the duty of the court to file an opinion and point out wherein the officer has erred, and that the error is so manifest as to warrant the setting aside of the officer's conclusions. The presumptions are all in favor of the correctness of the findings of the master or auditor and until they are shown by the trial court to be erroneous they must be sustained.

2. Where the court of common pleas sitting as a court of equity reverses a master without filing an opinion, the Supreme Court on appeal will remand the case to the court below so that it may file an opinion and assign its reasons for reversing the master.

Argued March 24, 1909. Appeals, Nos. 36 and 37, Jan. T., 1909, by defendants, from decree of C. P. No. 2, Phila. Co., Dec. T., 1902, No. 2,568, on bill in equity in case of Andrew Rankin v. Charles C. Rankin and Albert Foerderer. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Record remanded.

Bill in equity for reconveyance of real estate. Before SULZBERGER, P. J.

*Error assigned* was decree reversing the master and setting aside his findings of fact and conclusions of law.

*Joseph M. Smith*, with him *John L. Burns*, for appellants.

No printed brief nor argument for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 19, 1909:

This is a bill in equity for the reconveyance of real estate, and the litigation has been pending since January 1, 1903. We regret that we cannot now determine the case and finally adjudicate the rights of the parties. We are compelled to remand it for further proceedings in the court below. After the cause was at issue on the bill and answer, a master was appointed who heard the testimony and made a report. He found the facts, stated his conclusions of law upon the facts found by him, and recommended a decree that the bill be dismissed. Exceptions were filed by the plaintiff and defendants, the court dismissed the defendants' exceptions, sustained the plaintiff's exceptions, and entered a decree granting the relief prayed for in the bill. No opinion was filed by the court nor any reasons given for its action in reversing the master and setting aside his findings of fact and conclusions of law. This summary and irregular disposition of the case requires us to

send the cause back to the common pleas that the court may perform its duty by filing an opinion and indicating its reasons for the decree it entered.

It is a rule, universally recognized by bench and bar alike in this state, that the findings of fact by a master or an auditor will not be reversed where the evidence is such as to require its submission to a jury, unless it affirmatively appear that the officer was guilty of misconduct or that there is clear mistake or fraud. Such finding is entitled to the weight of a verdict of a jury, and clear error must be pointed out before the court will disturb it. This is a general rule and is constantly applied and enforced. The reason for the conclusiveness of such finding is that the master or auditor sees and hears the witnesses and has an opportunity to observe their manner and appearance on the witness stand. He is, therefore, better able to judge of the weight to be given the testimony and of the credibility of the witnesses who testify in the cause than the court, which must rely solely upon the printed evidence. Hence, when a trial court reverses a master or an auditor it is the duty of the court to file an opinion and point out wherein the officer has erred, and that the error is so manifest as to warrant the setting aside of the officer's conclusions. The presumptions are all in favor of the correctness of the findings of the master or auditor, and until they are shown by the trial court to be erroneous they must be sustained. This is the rule supported alike by reason and precedent. Where a master has heard the evidence and found the facts from the evidence the court is not justified in arbitrarily setting aside the finding without assigning reasons for its action. The parties have a right to be fully heard and to have their cause judicially and not arbitrarily determined, and when the court reverses the findings of fact by the master, justice to the parties as well as to the master, if not to the court itself, requires the latter to point out the error which sustains its ruling. Any other course is a reflection upon the master and denies the parties what they have a right to demand of the court. This is the rule generally observed by the common pleas throughout the commonwealth, yet we regret to say that occasionally it has been disregarded and this court

has been compelled in these instances to enforce its observance. This is done by remanding the cause after an appeal has been taken, or it can be done before the appeal has been taken by an application to the appellate court by the parties to compel the trial court to perform its duty in this respect. This latter course would save time to the litigants and procure an earlier decision of the cause.

Pittsburg's Appeal, 70 Pa. 142, was a proceeding to distribute the proceeds of a sheriff's sale. The auditor held that the sale divested a municipal lien, and the court reversed without giving any reason for its action. Chief Justice THOMPSON delivering the opinion says (p. 146): "It is only for clear error in fact or law that the finding of an auditor is to be set aside. Decisions to this effect are so numerous that I need not cite them. It would have greatly aided us, if the learned judge of the district court had accompanied his judgment with his reasons. Taking the case as we have it, however, we think this another reason for reversing the decree of distribution in the case." Griffin's Appeal, 109 Pa. 150, was a bill in equity. The case was referred to a master whose finding of fact was reversed by the court without an opinion. In reversing the court below, it was said by this court (p. 154): "The court below reversed the Master's finding upon one exception without any opinion, without any review of the testimony and without showing that the Master's finding of fact was incorrect. It is to be regretted in this and in all cases where the court reverses the Master upon findings of fact without reviewing the testimony, that no opinion is filed pointing out the errors of the Master in his treatment of the facts. Such an opinion, besides being required by a just regard to the rights of the parties and to the character and dignity of the proceeding, greatly simplifies the work to be performed by this court, by directing our attention to the very points of difference between the Master and the court in the conclusions respectively reached by them. In this case the court below simply said they could not agree with the Master and therefore sustained the fourth exception."

Scheppers's Appeal, 125 Pa. 598, was the distribution of

the proceeds of a sale made on a mortgage. The auditor appointed to make the distribution found the facts from conflicting evidence and recommended a decree logically proper as based upon his findings. The common pleas reversed the auditor. This court in reversing the common pleas said (p. 605): "The learned judge below has reversed him (the auditor) in a brief opinion without showing, or attempting to show, that his findings of fact are erroneous. We do not feel at liberty to dispose of them in this summary manner." Morgan's Appeal, 125 Pa. 561, was a bill in equity to abate a nuisance. A master was appointed whose findings of fact and law were set aside by a pro forma decree entered by the court without an opinion. This court in remanding the case requiring the trial court to place on record its reasons for reversing the master said (p. 563): "The findings of the master have been reversed without an opinion or a line to indicate upon what grounds or for what reason the reversal has taken place. To reverse a master's findings without assigning any reason, is simply an act of arbitrary power, and practically leaves his findings in full force. . . . It is the duty of the (trial) court to give us all the assistance it can. . . . These remarks apply with peculiar force to equity cases, where, as here, there is a master's report, and a large amount of testimony. Every such case is entitled to the careful consideration of the court of common pleas in which it is heard, and we should have the views of the learned judge, who decided it, upon the facts and the law. This is useful and desirable in all cases; it is absolutely essential where the master is reversed by the court. We have time and again sent cases back where a pro forma decree has been entered, and as this is the equivalent of a pro forma decree it must take the same course." Scheppers's Appeal and Morgan's Appeal were followed and approved in Williams v. Concord Cong. Church, 193 Pa. 120.

Furth v. Stahl, 205 Pa. 439, was a case of distribution in the common pleas by an auditor appointed by the court. Exceptions to the auditor's report were sustained by the court without an opinion. The present chief justice in reversing the court below said (p. 441): "It is to be regretted that the court

did not file an opinion, or give reasons in any form for its decree. Where the decision of an auditor, referee or other officer acting in a judicial capacity is overruled by the court, justice to the court itself as well as to the officer and the parties, suggests that the reasons should be stated. In the present case to a careful and elaborate report made by the auditor, the court's own officer, exceptions which went merely to the result without indicating the grounds were sustained. No reasons were given by the court and no sufficient ones are advanced by the appellee or perceived by this court."

It is now ordered and directed that the record in this case be remanded that the court below may file an opinion and assign its reasons for reversing the master.