THE OHIO OIL COMPANY, Appellee, *vs.* THOMAS N. SCOTT
*et al.* Appellants.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*effect where affirmance by Appellate Court is for a failure to comply with its rules.* If the Appellate Court affirms a judgment or decree for non-compliance with its rules for the preparation and filing of briefs and abstracts, there is nothing which the Supreme Court may review on further appeal or writ of error, either with or without a certificate of importance.

2. SAME—*Appellate Court must file opinion giving the reasons for its decision.* Under the statute it is the duty of the Appellate Court to file a written opinion giving the reasons for its decision, and while error cannot be assigned on such opinion, yet the Supreme Court has a right to look into such opinion to ascertain what questions were considered and to avail itself of the benefit and aid furnished by the reasons given in such opinion, even though the affirmance or reversal of the judgment depends upon the correctness of the judgment, irrespective of the reasons given.

3. SAME—*effect where Appellate Court's opinion does not show reasons for judgment.* If it is doubtful from the opinion of the Appellate Court whether it affirmed a decree because of a non-compliance with its rules or because of its consideration of the merits of the case the Supreme Court will neither affirm nor reverse the judgment but will remand the cause to the Appellate Court, with directions to file an opinion stating distinctly the ground upon which the judgment is based.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Lawrence county; the Hon. P. A. PEARCE, Judge, presiding.

MCGAUGHEY & TOHILL, for appellants.

CALLAHAN, JONES & LOWE, for appellee.

Per CURIAM: Appellants, as owners of certain lands in Lawrence county, Illinois, on the 6th day of April, 1906, executed and delivered to N. B. Lee what is known as an oil and gas lease. The lease purported to authorize Lee and

his assigns to enter upon the lands for the purpose of drill-
ing and operating for oil and gas and to erect and maintain
on said lands necessary buildings, structures and pipes for
the production of oil and gas.    February 4, 1907, Lee as-
signed the lease to appellee, the Ohio Oil and Gas Company.
The bill alleges that Lee and appellee had complied with all
the terms and requirements of the lease to be performed by
them, but that when appellee attempted to enter upon said
premises for the purpose of exploring for and developing
oil and gas under the terms and provisions of the lease it
was forbidden the right to make such entry by appellants,
who with force and arms kept, and still keep, appellee off
of said premises.    The bill prayed that appellants, their
agents and servants, be enjoined from hindering or ob-
structing entry upon said premises by appellee for the pur-
pose of exploring for and producing oil and gas upon the
terms specified in the lease.    A hearing was had upon the
bill, answer, replication and proofs and a decree entered in
accordance with the prayer of the bill.    From that decree
appellants prosecuted an appeal to the Appellate Court for
the Fourth District.    That court affirmed the decree of the
circuit court and granted a certificate of importance, upon
which the appellants have prosecuted a further appeal to
this court.

The opinion of the Appellate Court is embraced in a
few lines, and, as we understand it, its judgment of affirm-
ance was based upon the non-compliance by appellants with
the rules of court in the preparation of briefs and abstracts.
The court quotes rule 25, and says: "Nowhere in appel-
lants' brief has there been any attempt to comply with this
rule in any respect.    In the alleged abstract twenty-three
pages are covered with the detailed verbiage of the bill,
amendments, motions, demurrers, answers and exceptions.
The presentation of the case is such that we do not feel
called upon to state and develop it in our opinion."    The
court then says the proceeding is in chancery; that the

chancellor heard the evidence and found all the material allegations of the bill to be true, decreed the relief prayed, and that it (the Appellate Court) thinks the evidence warranted the finding and decree. It is also stated by the Appellate Court that counsel for appellants contended appellee, who was complainant in the bill, had an adequate remedy at law, but that he had failed to suggest what the remedy was. The court then says no error in the record has been pointed out that would warrant a reversal of the decree, and it was accordingly affirmed.

It seems evident that the judgment of affirmance was not based upon a consideration of the merits of the case but was for non-compliance with the rules of the court in the preparation of the briefs and abstracts. We do not think the statement made by the Appellate Court that it thought the evidence warranted the finding and decree can be accepted as showing the judgment of affirmance was based upon a consideration of the merits of the case. There was no substantial controversy in the evidence heard by the chancellor, but the questions are almost exclusively questions of law. The execution of the lease and its assignment to appellee were not denied. It was contended by appellants that the lease was procured by Lee by fraud and misrepresentation. The facts and circumstances relied on by appellants to establish the fraud were set up in the answer, and to that part of the answer exceptions were sustained, upon the theory, evidently, that they did not constitute fraud within the meaning of the law. On the hearing appellants offered evidence to prove the alleged fraud set up in the portion of the answer to which exceptions were sustained, but the court refused to hear the proof. The material question, then, for determination in the case was whether appellee had such rights under the lease as entitled it to the relief prayed, which was, in effect, the specific performance of that instrument through the exercise of the injunctive power of the court. This was a question

of law unaffected by any controverted facts brought out in the testimony, and we do not understand from the opinion of the Appellate Court that this question,—the controlling question in the case,—received any consideration by that court because of its imperfect presentation by the briefs and abstracts, which were not prepared in compliance with the rules of the court.   While error cannot be assigned upon the opinion of the Appellate Court but only upon its judgment, the statute provides:   "All opinions or decisions of said court upon the final hearing of any cause, shall be reduced to writing by the court, briefly giving therein the reasons for such opinion or decision, and be filed in the case in which rendered."   (Hurd's Stat. 1908, chap. 37, par. 34.)   This court has held that we may rightfully look into the opinion of the Appellate Court for the purpose of being advised as to the questions considered by that court and how they were disposed of.   (*Penn Plate Glass Co.* v. *Rice Co.* 216 Ill. 567; *Chicago City Railway Co.* v. *Mead,* 206 id. 174.)   For that purpose the rules of this court require the party bringing a case to this court from the Appellate Court to file, as an appendix to his brief, a printed copy of the opinion of the Appellate Court.

If the Appellate Court felt justified in affirming the decree of the circuit court for non-compliance with the rule relating to the preparation of and filing briefs and abstracts and affirmed the decree for that reason we would have no power to review their judgment upon an appeal, with or without a certificate of importance.   It is for that court to determine for itself whether briefs and abstracts filed in said court are in compliance with its rules, and where its judgment is based on a non-compliance with the rules there is nothing for this court to review on appeal or writ of error.   It is altogether different from a case where the judgment is based upon a consideration of the case.   Where the judgment is based on a consideration of the case, on appeal to this court we have a right to look into the opinion of

the Appellate Court for the purpose of being advised as to the questions considered by that court, and we have a right to avail ourselves of the benefit and aid of the reasons given for the conclusion arrived at by the Appellate Court, but as error can be assigned only upon the judgment, a reversal or affirmance by this court must depend upon whether, in our opinion, the judgment is correct, irrespective of the reasons given in the Appellate Court's opinion for its judgment. If we could be required to review a judgment of the Appellate Court affirming the judgment of the trial court because appellant had not prepared and filed briefs and abstracts in compliance with the rules of the Appellate Court, it would be requiring us to review for the first time a judgment which the law requires shall first be reviewed by the Appellate Court. That court has established rules governing the presentation of cases to it for review, and if parties do not choose to comply with those rules and judgments are affirmed for such non-compliance, they cannot, by appealing to this court, have the judgments reviewed.

While it appears to us, from examination of the opinion in this case, that the judgment of affirmance was based upon appellants' non-compliance with the rules of the court, in view of some expressions in the opinion above referred to, not necessary to a decision on that ground, there is room for some doubt about the matter. We will therefore neither affirm nor reverse the judgment but will remand the case back to the Appellate Court, with directions to that court to file an opinion stating distinctly the ground upon which its judgment is based. As we have before stated, if the judgment is based upon the failure of appellants to comply with the rules of the court in the presentation of the case there is nothing for us to review. If the judgment is based upon a consideration of the case, an opinion should be filed giving the reasons for the decision and judgment.

*Remanded to the Appellate Court.*