# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

### JANUARY TERM, 1913

[No. 1955]

GOLDFIELD MOHAWK MINING COMPANY, APPELLANT, v. FRANCES-MOHAWK MINING AND LEASING COMPANY, RESPONDENT.

1. APPEAL AND ERROR — DISCRETIONARY RULING — GRANTING NEW TRIAL.
   Orders of the trial court granting new trial for insufficiency of conflicting evidence will not be disturbed, in the absence of a clear abuse of discretion.

APPEAL from the Seventh Judicial District Court, Esmeralda County, Nevada; *Theron Stevens*, Judge.

Action by the Goldfield Mohawk Mining Company against the Frances-Mohawk Mining and Leasing Company. From an order granting a new trial, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*W. H. Bryant* and *Henry M. Hoyt*, for Appellant:

The plaintiff-appellant was in law entitled to the exercise of a sound legal discretion by the court below, and by a misconception on the part of the judge of said court, constituting reversible error, the order was improvidently made, without the exercise of any legal

discretion, and hence the motion for a new trial has not even yet been legally passed upon by the lower court.

Under the law one who has obtained a verdict and a judgment in a civil action is entitled to have the benefit of the same as against a motion for a new trial upon the ground under discussion, namely, alleged insufficiency of the evidence to justify the verdict, unless the court, in the exercise of a sound legal discretion, finds upon reviewing all of the evidence in the case that the verdict is very clearly and palpably contrary to the decided weight of the evidence. This is elementary. If, then, a plaintiff has been deprived of the benefit of such verdict and judgment by the court granting a new trial without finding that the evidence is clearly and palpably insufficient to justify the verdict, the plaintiff has been unlawfully deprived of a clear legal right; the court has not exercised a sound and legal discretion. (*State* v. *Yellow Jacket M. Co.*, 5 Nev. 422; *Phillpotts* v. *Blasdel*, 8 Nev. 76; *Solen* v. *V. & T. R. R. Co.*, 13 Nev. 135; *Albion Con. M. Co.* v. *Richmond M. Co.*, 19 Nev. 225; *Occidental S. M. Co.* v. *Comstock T. Co.*, 125 Fed. 244; *Fulton* v. *Crosby*, 49 S. E. 1012; 37 Cent. Dig. "New Trial," secs. 130–166; 15 Dec. Dig. secs. 70–72; Current Law, vols. 2, 6, "New Trial and Arrest of Judgment"; *Pringle* v. *Guild*, 119 Fed. 962; *Pleasants* v. *Fant*, 22 Wall. 116.)

The expense of trial of such a case as this, in which the cost bill on file amounts for plaintiff to $7,797.20, suggests the propriety of emphasizing the fact that a plaintiff should not lightly be deprived of his verdict and judgment and put to the double cost of a new trial when it may be avoided by the simple expedient of sending the case back to the district court for the purpose of having the motion passed upon in accordance with the legal principles involved.

*Thompson, Morehouse & Thompson,* for Respondent:

We need not cite authorities as to when and under what circumstances the trial court should grant a new trial for "insufficiency of the evidence to justify the verdict," because this court, in its opinion granting the

motion to remand herein, has not only specifically quoted from decisions of various courts, but has in all cited some sixty-five cases as a guide to the trial judge indicating to him his duty in the premises and stating the true rule for his conduct, and under these authorities he had to grant the new trial, entertaining as he did, after hearing the whole case, the opinion he had, based as it was upon the evidence in the case, and therefore we need only argue the duty of this court upon this appeal. (*Edwards* v. *Carson W. Co.*, 21 Nev. 469; *People* v. *Knott*, 111 Cal. 453; 14 Ency. Pl. & Pr. 979–981, 987; *McCafferty* v. *Flinn*, 32 Nev. 269; *McLeod* v. *Lee*, 14 Nev. 398.)

*Per Curiam:*

This is an appeal from an order granting a new trial, and is the second appeal in the action. (33 Nev. 491, 503.)

Respondent upon this appeal was appellant upon the former appeal, and the question there determined was whether the order denying the motion for a new trial had been improvidently entered because "the trial judge in the present case, misconceiving his judicial duty, fell into grave error in failing and refusing to pass upon this ground (insufficiency of the evidence to justify the verdict) assigned by the defendant for a new trial." For this reason the order denying the motion for a new trial was "set aside, with instructions to the court below to consider and pass upon the ground for a new trial interposed by the defendant, 'of the insufficiency of the evidence to justify the verdict,' for which purpose the case is herewith remanded."

In passing upon the motion originally, the trial judge said: "I was not surprised that the defendant was dissatisfied with the verdict. A verdict of this kind could hardly result otherwise than as a surprise, and the defendant naturally feels that justice has been outraged." (33 Nev. 493.)

In passing upon the motion for a new trial the second time, in pursuance of the order of this court, the trial judge granted a new trial upon the ground of "insufficiency of evidence to justify the verdict," and in his

opinion rendered thereon said: "I have neither the time nor the inclination to review the evidence presented to the jury, and presumably upon which the verdict was based, but will simply say that my judgment of the facts was and is utterly at variance with the verdict of the jury. In my judgment, the verdict was not supported by a preponderance of the evidence; that the verdict of $75,000 in favor of the plaintiff rendered by the jury was not justified by the evidence. The motion of defendant to vacate and set aside the verdict and grant a new trial on the ground of 'insufficiency of the evidence to justify the verdict' should be sustained, and it is so ordered."

Hayne on New Trial and Appeal says: "Where there is a substantial conflict in the evidence, the appellate court will not disturb the decision of the court below. This rule has been announced more frequently than any other rule of practice. It applies equally where the court below granted as where it denied the motion for a new trial. * * * The rule as to conflict does not apply to the court below. The judge of such court should set aside the verdict whenever it is against the weight of the evidence, notwithstanding the fact that there is a substantial conflict in the testimony." (Hayne, Rev. Ed. 1912, vol. 2, sec. 288, pp. 1614, 1645.)

In *Golden* v. *Murphy*, 27 Nev. 392, this court, considering the rule governing an order of this kind, said: "On behalf of appellants it is urged that the order granting a new trial is error, because an invasion of the province of the jury, even if the evidence is conflicting. * * * It was held in *Worthing* v. *Cutts*, 8 Nev. 121, that, when a new trial is granted in the lower court upon the ground that the verdict is not warranted by the evidence, the rule invariably governing the appellate tribunal is not to disturb the action of the judge below if there is a material conflict in the evidence. In *Treadway* v. *Wilder*, 9 Nev. 70, this court stated: 'It must be borne in mind that the *nisi prius* courts, in reviewing the verdicts of juries, are not subject to the rules that govern appellate courts. They may weigh the evidence, and, if they think injustice has been done, grant a new trial, where appellate

courts should not or could not interfere. The question under consideration has been so often presented that opinions have become stereotyped. Nothing need be added to, or taken from, the rule, so well established, often declared, and always followed.' The numerous cases in this state and California cited in respondent's brief, and Hayne on New Trial and Appeal, sec. 97, and Hilliard on New Trials, p. 488, are to the same effect."

In *Albion M. Co.* v. *Richmond M. Co.*, 19 Nev. 231, this court by Hawley, J., said: "The jury were primarily the judges of the credibility and weight of the testimony of the respective witnesses. The district judge, however, 'has jurisdiction, on motion for a new trial, to decide, as a question of fact, whether the scale of evidence which leans against the verdict very strongly predominates' (*Phillpotts* v. *Blasdel*, 8 Nev. 76), and, if there is in his opinion a 'clear preponderance of evidence against it,' he 'should not hesitate to set aside the verdict' (*State* v. *Yellow Jacket S. M. Co.*, 5 Nev. 422); but, in the exercise of this power, he 'should be careful not to invade the legitimate province of the jury, when they have manifested a fair and intelligent consideration of the evidence submitted to them.' (*Solen* v. *V. & T. R. R. Co.*, 13 Nev. 135.) The district court 'ought not to grant a new trial when there is conflicting evidence, except the weight of evidence clearly preponderates against the verdict.' If the district court grants a new trial upon this ground, 'the appellate court will not interfere unless the weight of evidence clearly preponderates against the ruling of the district court.' (*Treadway* v. *Wilder*, 9 Nev. 70.)"

This court in *Edwards* v. *Carson Water Co.*, 21 Nev. 492, by Murphy, C. J., said: "The granting or refusal of a motion for a new trial on the ground of the insufficiency of the evidence to support the findings is addressed to the sound discretion of the judge who presided at the trial of the case in the lower court, and on an appeal from such order, where the court below, in the exercise of a sound discretion, grants a new trial on conflicting evidence, appellate courts have always refused to disturb the order. (*Kellenberger* v. *Market Street Cable*

*Railway Co.*, 33 Pac. 90.)" See, also, *McLeod* v. *Lee*, 14 Nev. 398; *McCafferty* v. *Flinn*, 32 Nev. 269.

The contention of counsel for appellant "that in violation of law he (the trial judge) has merely substituted his judgment of the facts for the judgment of the jury," and hence has not yet legally disposed of the motion for a new trial, is not well taken. He has definitely passed upon the ground of the motion "insufficiency of the evidence to justify the verdict," and has granted the motion on that ground. It becomes a question, then, for us to determine, under the established rules, whether he has abused the discretion given him by the statute. That there is a conflict in the evidence is not disputed. That there is evidence sufficient to support the verdict under the well-established rule applicable in case the motion for a new trial has been denied must, doubtless, also be conceded. But a new trial having been granted upon the ground of insufficiency of the evidence, under the many authorities cited in this and the former opinion rendered in this case, we are not permitted to disturb the order, unless we can say that the trial judge manifestly abused the discretion reposed in him by the statute. (*In re Martin*, 113 Cal. 479, 45 Pac. 813.) This we are unable to say.

The order appealed from is affirmed.